1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANK VALENZUELA, JR.,

11           Petitioner,                    No. CIV S-04-0460 MCE JFM P

12        vs.

13   SCOTT KERNAN, Warden, et al.,

14           Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2001 prison disciplinary

18   conviction on charges of constructive possession of inmate manufactured alcohol.  Petitioner

19   claims that his federal constitutional rights were violated by (1) the failure of prison officials to

20   test the substance at issue to confirm the presence of alcohol (ethanol); (2) a disciplinary

21   conviction based on insufficient evidence; (3) imposition of cruel and unusual punishment

22   following the conviction.  Respondents contend that this action is barred by the statute of

23   limitations and, in the alternative, that petitioner's claims are without merit.

24           Section 2244(d)(1) of Title 28 of the United States Code provides:

25           (d)(1) A 1-year period of limitation shall apply to an application for
             a writ of habeas corpus by a person in custody pursuant to the

26   /////

                                        1

1      judgment of a State court. The limitation period shall run from the
       latest of--

2

3      (A) the date on which the judgment became final by the conclusion
       of direct review or the expiration of the time for seeking such
       review;

4

5      (B) the date on which the impediment to filing an application
       created by State action in violation of the Constitution or laws of
       the United States is removed, if the applicant was prevented from
6      filing by such State action;

7      (C) the date on which the constitutional right asserted was initially
       recognized by the Supreme Court, if the right has been newly
8      recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or

9

10     (D) the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
       diligence.

11

12  28 U.S.C. § 2244(d)(1).  The limitation period applies to habeas corpus actions challenging

13  prison disciplinary convictions.  Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004).  The provisions

14  of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging

15  decisions of administrative bodies, including challenges to prison disciplinary convictions.  Id. at

16  1066.  In such cases, the limitation period commences when the petitioner receives notice of

17  denial of the final administrative appeal from the administrative decision at issue.  Id.  The

18  limitation period is tolled during the pendency of properly filed state petitions for collateral

19  review, see 28 U.S.C. § 2244(d)(2), and for the intervals between the filing of petitions at

20  succeeding levels of state review while a petitioner is exhausting state remedies.  See Carey v.

21  Saffold, 536 U.S. 214 (2002).

22          In the instant case, the limitations period began to run on December 25, 2001, the

23  day after petitioner's administrative appeal was rejected at the third and final level of

24  administrative review.  (Ex. F to Petition for Writ of Habeas Corpus, filed March 8, 2004.)  See

25  Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).  On April 23, 2002, petitioner filed a

26  petition for writ of habeas corpus in the Amador County Superior Court.  The statute of

1    limitations was tolled from the time that petition was filed[1] until April 25, 2003, thirty days after

2    the California Supreme Court denied petitioner's state habeas corpus petition.  See Bunney v.

3    Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (citing Rule 24 of the California Rules of Court for

4    the proposition that "a denial of a habeas petition within the California Supreme Court's

5    jurisdiction is not final for thirty days" and holding that the limitations period in § 2244(d)(2) is

6    tolled until the end of that thirty day period).

7            Approximately 118 days of the limitation period ran between December 25, 2001,

8    and April 23, 2002, the date on which petitioner filed his first state habeas petition, but see

9    footnote 1, supra, leaving 247 days in the limitation period after the California Supreme Court

10   denied petitioner's state habeas petition.  This action was filed on February 28, 2004[2],

11   approximately 308 days after the California Supreme Court's denial of petitioner's state habeas

12   corpus petition became final.  The instant petition was filed approximately 61 days after

13   expiration of the limitation period and is therefore untimely.[3]

14   /////

15   /////

16

17       [1]  Under the "mailbox rule", a state habeas petition is generally deemed filed on the date
     that petitioner delivered it to prison officials for mailing to the superior court.  See Stillman v.
18   Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003.)  However, the only date in the record before this
     court is the date the petition was file-stamped in the Amador Superior Court.  Petitioner has the
19   burden of alleging facts which show the duration of statutory tolling of the limitations period.
     See Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002).  Petitioner has not provided the date
20   on which he delivered the Amador County Superior Court petition to prison officials for mailing.
     The court therefore uses the date on which the petition was file stamped as the date on which
21   statutory tolling commenced.  See Smith v. Duncan, id.

22       [2]  The certificate of service appended to the petition filed in this action is dated February
     28, 2004. The court finds that was the date on which petitioner delivered the instant petition to
23   prison officials for mailing on February 28, 2004.  That is, therefore, the date on which the
     petition is deemed filed.  See Houston v. Lack, 487 U.S. 266 (1988).
24
         [3]  Petitioner makes no argument for equitable tolling of the limitation period.  He argues
25   only that he was required to exhaust state remedies before proceeding to federal court.  However,
     as noted above, the limitation period was tolled while petitioner was exhausting state remedies
26   and that period did not count toward the expiration of the limitation period

1        In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's

2  application for a writ of habeas corpus be dismissed as barred by the statute of limitations.  <u>See</u>

3  28 U.S.C. § 2244(d).

4        These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within ten days after service of the objections.  The parties are advised

10  that failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:  June 21, 2005.

13

14                       UNITED STATES MAGISTRATE JUDGE

15

16  12

17  vale0460.157

18

19

20

21

22

23

24

25

26